broker, in an action to recover a commission on the sale and exchange of certain real estate.

3. BROKERS, § 90*—*when evidence shows procurance of person willing to exchange property.* Evidence *held* to sustain the finding that plaintiff, in an action to recover a commission on the sale and exchange of certain real estate, had procured a person ready, willing and able to exchange properties with defendant.

4. BROKERS, § 90*—*when shown that plaintiff was ready to procure loan.*. Evidence *held* to sustain the finding that plaintiff was ready, able and willing to procure a certain loan for defendant, required of plaintiff under a certain contract with defendant as precedent to plaintiff's right to a commission, in an action to recover a commission on the sale and exchange of certain real estate.

---

## Geraldine B. Edlund, Defendant in Error, v. Arthur E. Edlund, Plaintiff in Error.

### Gen. No. 23,508.    (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. CHARLES M. THOMSON, Judge, presiding. Heard in this court at the October term, 1917. Affirmed in part, reversed in part and remanded. Opinion filed January 28, 1918.

### Statement of the Case.

Bill by Geraldine B. Edlund, complainant, against Arthur E. Edlund, defendant, for divorce on the ground of extreme and repeated cruelty. From a decree for complainant, defendant brings error.

FARLIN H. BALL and G. A. BURESH, for plaintiff in error.

LITZINGER, HEALY & REID, for defendant in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE DEVER delivered the opinion of the court.

## Abstract of the Decision.

1. DIVORCE, § 75*—*when decree for divorce reversed.* Where a decree adjudging defendant to pay certain permanent alimony and solicitor's fee made no specific finding of facts upon which such decree was based and the evidence introduced at the trial was not preserved by complainant by a certificate of evidence or otherwise, *held* that the decree must be reversed.

2. EQUITY, § 547*—*who must preserve evidence on which decree based.* The party in whose favor a decree in chancery is rendered has the legal duty of preserving in some manner the evidence upon which it was based, by a certificate of evidence or otherwise.

3. DIVORCE, § 75*—*when order for temporary alimony reversed.* An order for temporary alimony based upon several affidavits not made a part of the record by signing of a certificate of evidence and otherwise without support in the record should be reversed.

William N. Junker, Appellee, v. Fidelity & Deposit Company of Maryland, Appellant.

Gen. No. 23,510. (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. DENNIS W. SULLIVAN, Judge, presiding. Heard in this court at the October term, 1917. Reversed and judgment of *nil capiat* here. Opinion filed January 28, 1918.

## Statement of the Case.

Action by William N. Junker, plaintiff, against Fidelity & Deposit Company of Maryland, a corporation, defendant, to recover on an accident insurance policy issued by defendant to plaintiff. From a judgment for plaintiff for $23.45, defendant appeals.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.